91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Rodney Renfro FOWLER, Defendant-Appellee
and
William Claiborne Yarbrough, Defendant-Appellee.
 Nos. 95-10272, 95-10312.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1996.
Decided July 8, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals the sentences imposed upon Rodney Fowler and William Yarbrough after they pleaded guilty to conspiracy to possess LSD with intent to distribute, in violation of 21 U.S.C. § 846. None of the parties dispute that the quantity of LSD involved carried a mandatory minimum sentence of 5 years imprisonment, 21 U.S.C. § 841(b)(1)(B), or that both defendants qualified for the "safety valve provision" Congress enacted in 1994 to alleviate the harsh results of mandatory minimum sentences in certain situations. See 18 U.S.C. § 3553(f). That provision directs the District Court, where applicable, to "impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under § 994 of Title 28 without regard to any statutory minimum sentence."
 
 
 3
 At the time these defendants were sentenced, the Sentencing Commission had not promulgated any guidelines or amendments to guidelines to govern sentencing of those qualified for the safety valve. For this reason, and because the statute directs a guideline range with a minimum 24 month floor for safety valve eligible defendants, the District Court refused to sentence the defendants within the range of 46 to 57 months set forth in the unmodified guidelines, and which the government urged in these cases. Instead, exercising discretion that the District Court believed it possessed in light of Sentencing Commission's inaction, and in an effort to accord with congressional intent, the District Court used 24 months as the appropriate guideline sentence for these defendants and then, in the case of Mr. Yarbrough, departed downward to 30 days because of extraordinary family circumstances.
 
 
 4
 The factual situation in these appeals cannot recur, for the Sentencing Commission has now promulgated an amendment to the Guidelines providing for a two-level downward adjustment for defendants qualifying for the safety valve. Although the Sentencing Commission had announced an intent to promulgate such an amendment as of the time of this sentencing, it had not yet done so, and we conclude that the District Court was not required to sentence in accordance with the earlier Guideline range that had been promulgated without regard to the safety valve provisions. Those Guidelines ranges were expressly pegged to the mandatory minimums that the safety valve statute was intended to avoid. See Commentary 10 to U.S.S.G. § 2D1.1. In these circumstances, we agree with the appellees that the District Court was not required to follow the pre-safety valve guideline range, and that the District Court was well within its discretion to set the guidelines sentence at 24 months.
 
 
 5
 We also agree with Yarbrough that the District Court did not abuse its discretion in downwardly departing to take into account the extraordinary family circumstances reflected in this record. Koon v. United States, --- S.Ct. ----, 1996 WL 315800 (U.S., June 13, 1996). Although § 5H1.1.6 provides that family circumstances are not ordinarily to be taken into account, extraordinary circumstances, such as Yarbrough's, may warrant a departure. See United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3